IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DIJON T. DIXON,

       **Plaintiff,**

  v.            CASE NO. 19-3028-SAC

CORE CIVIC, et al.,

       **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Dijon T. Dixon, a prisoner at the Leavenworth Detention Center (CoreCivic-Leavenworth) in Leavenworth, Kansas, brings this *pro se* civil rights action. Plaintiff proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

## I. Nature of the Matter before the Court

Plaintiff's Complaint (ECF No. 1) raises various claims related to an incident that occurred on June 4, 2018. Mr. Dixon alleges that during a nonviolent demonstration regarding lockdown procedures, facility personnel deployed three cans of CS gas into the pod. Plaintiff and the other inmates were exposed to the gas for hours as they were trapped in their cells. They were forced to eat meals in the contaminated pod and were not provided with medical assessments or clean clothing and bedding until June 7, 2018. Facility personnel forced the inmates to throw away all commissary purchases, and inmates were denied their commissary orders for the week.

Plaintiff names two defendants, CoreCivic, the private company that owns and operates the Leavenworth Detention Center, and L. R. Thomas, the warden of the facility. Mr. Dixon does not state what constitutional rights he believes have been violated. He seeks damages of $1.2 million.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. Discussion**

    **A. Failure to State a Cause of Action against Defendants**

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48–49 (1988) (citing *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330–331 (1986); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978)); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992). Plaintiff names CoreCivic as a defendant. This corporate entity is not a "person" acting under color of state law so as to be amenable to suit under § 1983.

Nor does Plaintiff have an established cause of action against CoreCivic under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 395–97 (1971). *Bivens* held that "plaintiffs may sue federal officials in their individual capacities for damages for Fourth Amendment violations, even in the absence of an express statutory cause of action analogous to 42 U.S.C. § 1983." *Id.; Carlson v. Green,* 446 U.S. 14, 18 (1980) (recognizing a parallel cause of action for Eighth Amendment violations). However, the proper defendant in a *Bivens* action is a federal official or agent, not a private corporation or its employees. *See Correctional Services Corp. v. Malesko,* 534 U.S. 61. 71-73 (2001) (holding that *Bivens* action does not lie against a private corporation operating a halfway house under contract with the Bureau of Prisons); *Minneci v. Pollard*, 565 U.S. 118, 120-21 (2012) (refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation); *Peoples v. CCA Detention Centers,* 422 F.3d 1090, 1101 (10th Cir. 2005) (finding no right of action for damages under *Bivens* against employees of a private prison

4

for alleged constitutional deprivations, when alternative state causes of action for damages are available to the plaintiff.).

Plaintiffs' remedy against CoreCivic and its employees, if any, is an action in state court for negligence or other misconduct. Kansas law provides a remedy in state court against private tortfeasors for actions amounting to negligence. *See Peoples,* 422 F.3d at 1105. Because Plaintiff has an alternative Kansas cause of action, he is precluded from asserting a *Bivens* action in federal court against Defendants.

Plaintiff will be given time to show cause why this action should not be dismissed for failure to present a cause of action against Defendants under either § 1983 or § 1331 and *Bivens*.

**B. Other Deficiencies with the Complaint**

Even if Plaintiff were not precluded from proceeding against these defendants in federal court, there are other problems with his Complaint. For instance, Plaintiff has not alleged that Defendant Thomas personally participated in the alleged wrongful conduct. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the Complaint, but again in the body of the Complaint and to include in the body a description of the acts taken by each defendant that violated the plaintiff's federal constitutional rights.

An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). To be held liable under § 1983 or *Bivens*, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Because Plaintiff has not alleged the personal participation of Defendant Thomas, he is subject to dismissal from this lawsuit.

Also, the Complaint fails to state a constitutional claim. Plaintiff does not indicate which of his constitutional rights he believes have been violated. However, when prison officials employ force "to resolve a disturbance ... that indisputably poses significant risks to the safety of inmates and prison staff," that use of force must be analyzed under the Eighth Amendment excessive-force rubric. *Redmond v. Crowther*, 882 F.3d 927, 936 (10th Cir. 2018), quoting *Whitley v. Albers*, 475 U.S. 312, 320, (1986); *see DeSpain v. Uphoff*, 264 F.3d 965, 978 (10th Cir. 2001). While Plaintiff claims the inmates were engaging in a "nonviolent and peaceful demonstration" (ECF No. 1 at 2), that qualifies as a disturbance in the prison setting. *See United States v. Johnson*, 616 F.3d 85, 94 (2d Cir. 2010) ("Every violation of prison rules creates a risk that fellow inmates will join in the disturbance, oppose it with force, or simply use its occurrence to engage in other acts of violence.") The decision to deploy CS gas involved the use of force to restore order. *See Redmond*, 882 F.3d at 936.

"[A]n excessive force claim involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2)

6

a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind." *Giron v. Corr. Corp. of America*, 191 F.3d 1281, 1289 (10th Cir. 1999). An official has a culpable state of mind if he uses force "maliciously and sadistically for the very purpose of causing harm," rather than "in a good faith effort to maintain or restore discipline." *Whitley*, 475 U.S. at 320–21. When prison officials act to "preserve internal order and discipline," they are afforded "wide-ranging deference." *Redmond*, 882 F.3d at 938. This means that Plaintiff must meet a very high standard in order to show that prison officials are culpable. The allegations in the Complaint do not demonstrate the required culpability.

As for Plaintiff's allegation that he was not provided with medical attention until three days after the deployment of the CS gas, he has also not stated a constitutional claim. Claims related to medical care in prison typically fall under the Eighth Amendment. The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz,* 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden,* 430 F.3d 1302, 1304 (10th Cir. 2005).

To satisfy the objective component, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle,* 429 U.S. at 104, 105; *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). A medical need is sufficiently serious if "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Mata v. Saiz*, 427 F.3d 745,

7

751 (10th Cir. 2005). While exposure to CS gas may result in a serious medical need in certain circumstances, Plaintiff has not alleged anything beyond mere exposure to some level of CS gas. The Complaint fails to satisfy the objective component of the deliberate indifference standard.

Furthermore, delay in providing medical care does not violate the Eighth Amendment, unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993). In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001); *Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006). Here, Plaintiff has not alleged any substantial harm as a result of the delay in receiving medical care.

Nor has Plaintiff stated a constitutional claim related to the commissary orders. His allegation is that he was forced to "throw away all of food on hand" and was "denied commissary orders for the week." ECF No. 1 at 4. While Plaintiff does not specify, the Court assumes these actions were as a result of the CS gas deployment. There appear to be two potential due process claims, one for deprivation of property and the other for imposition of a disciplinary sanction. Neither state a constitutional claim because neither involve an atypical and significant hardship in relation to the ordinary incidents of prison life. *Sandin v. Conner,* 515 U.S. 472, 484 (1995).

An intentional deprivation of property by prison officials does not violate the Due Process Clause "if a meaningful post deprivation remedy for the loss is available." *Hudson v. Palmer,* 468 U.S. 517, 653 (1984). There is an administrative remedy process available at CoreCivic, and Kansas statutes provide tort remedies for loss of property.

As for being denied commissary for a week, a one-week denial of commissary is not sufficiently severe to create a protected liberty interest. *See e.g., Blum v. Fed. Bureau of Prisons,*

No. 98–1055, 1999 WL 638232, at *3 (10th Cir. Aug. 23, 1999) (holding that ninety-day confinement without store privileges, radio, and phone calls did not differ in significant degree and duration from ordinary incidents of prison life to create a protected liberty interest); *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997) (holding that thirty-day commissary and cell restrictions did not implicate due process concerns); *Kennedy v. Blankenship,* 100 F.3d 640, 642 (8th Cir. 1996) (finding no liberty interest in thirty-day sanction that included restrictions on mail and telephone privileges, visitation privileges, commissary privileges, and personal possessions).

For these reasons, Plaintiff's allegations related to commissary fail to state a federal due process violation.

Finally, Plaintiff has failed to allege any physical injury. The relief requested by Plaintiff in his Complaint, aside from "justice" and "freedom," is $1.2 million. ECF No. 1 at 5. However, federal law prohibits prisoners from bringing federal actions "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff has not described any physical injury that was caused by the alleged deprivations of his constitutional rights. Consequently, it appears Plaintiff's claim for compensatory damages would be barred by § 1997e(e). *See Murray v. Edwards County Sheriff's Dept.,* 248 F. App'x 993, 995 (10th Cir. 2007) (unpublished) *cert. denied,* 553 U.S. 1035 (2008) (affirming dismissal under § 1997e(e) of claims regarding jail conditions without allegation of physical injury).

## VI. Response Required

For the reasons stated herein, it appears that Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his Complaint should not be

dismissed. Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **May 30, 2019**, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED: This 30th day of April, 2019, at Topeka, Kansas.

s/_Sam A. Crow_____
**SAM A. CROW**
**U.S. Senior District Judge**