# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DIJON T. DIXON,**

                                        **Plaintiff,**

                v.                                        **CASE NO. 19-3028-SAC**

**CORE CIVIC, et al.,**

                                        **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. § 1983. Plaintiff seeks relief on allegations that Defendants CoreCivic and L. R. Thomas violated his constitutional rights when he was exposed to CS gas during a prisoner protest at the Leavenworth, Kansas, detention facility operated by CoreCivic.

By an order dated April 30, 2019, the Court directed Plaintiff to show cause why the complaint, filed as a § 1983 action but construed as a *Bivens* action, should not be dismissed as failing to state a claim for relief against Defendants. Having reviewed Plaintiff's response, the Court dismisses the complaint.

*42 U.S.C. § 1983*

Plaintiff filed his complaint under 42 U.S.C. § 1983. However, § 1983 is inapplicable to his claims. To proceed under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S.

1

42, 48 (1988). A defendant acts "under color of state law" when he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49.

Plaintiff does not dispute that he is a federal prisoner. His confinement in CoreCivic-Leavenworth was pursuant to the authority of a *federal* entity to confine him, presumably either the United States Marshal Service or the Bureau of Prisons, thus his allegations fail to establish that any defendant acted under color of *state* law for the purpose of establishing a cause of action under 42 U.S.C. § 1983.

*Bivens*

Nor does Plaintiff have an established cause of action against Defendants under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 395–97 (1971). *Bivens* held that "plaintiffs may sue federal officials in their individual capacities for damages for Fourth Amendment violations, even in the absence of an express statutory cause of action analogous to 42 U.S.C. § 1983." *Id.; Carlson v. Green,* 446 U.S. 14, 18 (1980) (recognizing a parallel cause of action for Eighth Amendment violations).

However, CoreCivic is a private company contracted by the federal government to house federal prisoners in its private prison in Leavenworth, and Defendant Thomas is not a federal official but rather an employee of a private company. As previously explained, Plaintiff's claims against CoreCivic must be dismissed pursuant to *Correctional Services Corp. v. Malesko,* 534 U.S. 61, 70-71 (2001), which held that a *Bivens* action does not lie against a private entity acting under color of federal law, such as CoreCivic here. Likewise, Plaintiff does not have a *Bivens* claim against Defendant Thomas. The Supreme Court has found that a *Bivens* remedy is not available to a prisoner seeking damages from the employees of a private prison for violation of the prisoner's

Eighth Amendment rights. *Minneci v. Pollard*, 565 U.S. 118, 125 (2012) (refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation); *see also Peoples v. CCA Detention Centers,* 422 F.3d 1090, 1101 (10th Cir. 2005) (there is no right of action for damages under *Bivens* against employees of a private prison for alleged constitutional deprivations when alternative state causes of action for damages, such as medical malpractice, are available to plaintiff)..

The Supreme Court reasoned that "a critical difference" between cases where *Bivens* liability applied and those where it did not was "employment status," i.e., whether the defendants were "personnel employed by the *government* [or] personnel employed by a *private* firm." *Minneci*, 565 U.S. at 126 (emphasis in original). The Supreme Court rejected the argument that private actors performing governmental functions should be considered federal agents for the purposes of *Bivens* liability. *Id.* at 126-27.

In *Minneci,* the Supreme Court held that the "ability of a prisoner to bring state tort law damages action[s] against private individual defendants means that the prisoner does not 'lack effective remedies.'" *Id.* at 125 (citing *Malesko*, 534 U.S. at 72). They reasoned that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." *Id.* (citing *Wilkie v. Robbins,* 551 U.S. 537, 550 (2007)).

The Supreme Court also found "specific authority indicating that state law imposes general tort duties of reasonable care . . . on prison employees in every one of eight States where privately managed secure federal facilities are currently located." *Id.* at 128. "[I]n general, state tort law remedies provide roughly similar incentives for potential defendants to comply with the Eighth Amendment while also providing roughly similar compensation to victims of violations." *Id.* at

130.  Kansas is a state whose tort law reflects the "general principles of tort law" recognized in *Minneci* and set forth in the (Second) Restatement of Torts §§ 314A(4), 320 (1963-64).  *See Camp v. Richardson*, No. 11-3128-SAC, 2014 WL 958741, at n. 12 (D. Kan. March 11, 2014) (citing *Estate of Belden v. Brown Cty.*, 261 P.3d 943 (Kan. App. 2011) (setting forth remedies available in Kansas)).

Likewise, the Tenth Circuit has stated that "the presence of an alternative cause of action against individual defendants provides sufficient redress such that a *Bivens* cause of action need not be implied." *Crosby v. Martin*, 502 F. App'x 733, 735 (10th Cir. 2012) (unpublished) (citing *Peoples*, 422 F.3d at 102).  The Tenth Circuit found that where Plaintiff "has an alternative cause of action against the defendants pursuant to Kansas state law, he is precluded from asserting a *Bivens* action against the defendants in their individual capacities," and he is "barred by sovereign immunity from asserting a *Bivens* action against the defendants in their official capacities." *Crosby*, 502 F. App'x at 735 (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001)).  Quite similarly to Mr. Dixon's allegations here, *Crosby* involved claims of excessive force and denial of medical care in connection with the use of chemical spray on the plaintiff.  *Id.* at 734.  The Tenth Circuit affirmed the dismissal of the plaintiff's complaint for failure to state a claim.  *Id.* at 736.

Plaintiff's remedy, if any, against CoreCivic and its employees such as Defendant Thomas is an action in state court for negligence or other misconduct.  *See Lindsey v. Corrections Corp. of America*, No. 07-3067-EFM, 2009 WL 2703691, at *7 (D. Kan. Aug. 25, 2009) (Kansas law generally provides an inmate with a remedy against CCA employees for negligence and for actions amounting to violations of federal constitutional rights); *see also Menteer v. Applebee*, No. 04-3054-MLB, 2008 WL 2649504, at *8-9 (D. Kan. June 27, 2008) (plaintiff's state law negligence claim found to be equally effective, alternative cause of action to *Bivens* claim).  In addition, "[i]n

Kansas, a prisoner may attack the terms and conditions of his or her confinement as being unconstitutional through a petition filed under K.S.A. 60-1501." *Harris v. Corr. Corp. of Am. Leavenworth Det. Ctr.*, No. 16-3068-SAC-DJW, 2016 WL 6164208, at *3 (citing *Jamerson v. Heimgarnter*, 326 P.3d 1091, at *1 (Kan. App. June 20, 2014) (unpublished)). Because Plaintiff has an alternative cause of action pursuant to Kansas state law, he is precluded from asserting a *Bivens* action in federal court against CoreCivic or its employees.

*Conclusion*

For the above-stated reasons, Plaintiff has not stated a claim upon which relief may be granted in this Court. Therefore, the complaint must be dismissed under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e).

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's motion for extension of time to submit the initial partial filing fee (ECF No. 7) is denied as moot, as he subsequently paid the initial fee.

**IT IS FURTHER ORDERED** that Plaintiff's motion for extension of time (ECF No. 9) to file a response to the order to show cause is also denied as moot. Plaintiff subsequently filed his response, and it was considered by the Court.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 15th day of November, 2019.**

**s/ Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**